IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLIFFORD EUGENE GIVENS, | ) | No. C 08-05231 JW (PR) |
| Petitioner, | ) ) | ORDER OF PARTIAL DISMISSAL WITH LEAVE TO AMEND |
| vs. | ) ) | |
| D. K. SISTO, Warden, | ) ) | |
| Respondent. | ) ) ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction.[1] The Court dismissed this action without prejudice for failure to exhaust state court remedies, and then granted petitioner's motion for reconsideration and reopened the matter on April 29, 2010, after petitioner showed that he had exhausted his state court remedies.

///

---

[1] The United States District Court for the Central District of California transferred this action to this Court as the preferable forum from because petitioner was convicted and sentenced in the Superior Court of San Mateo County.

Order of Partial Dismissal with Leave to Amend
P:\PRO-SE\SJ.JW\HC.08\Givens05231_dwlta.wpd

**BACKGROUND**

According to the petition, petitioner pleaded guilty in the Superior Court of the State of California in and for the County of San Mateo to assault with a deadly weapon and two prior convictions. (Pet. 2.) Petitioner was sentenced on August 17, 1998, to sixteen years in state prison. (Id.)

Petitioner filed habeas petitions in the state courts, with the state high court denying review on June 18, 2008. Petitioner filed the instant federal habeas petition on November 4, 2008.

**DISCUSSION**

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Legal Claims

  1.  Ineffective Assistance of Counsel

Petitioner claims that counsel rendered ineffective assistance with respect to his sentence in violation of the Sixth Amendment. However, the only challenges left open in federal habeas corpus after a guilty plea is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. Hill v. Lockhart, 474 U.S. 52, 56-57 (1985); Tollett v. Henderson, 411 U.S. 258, 267 (1973). A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of

attorneys in criminal cases. Id.; Lambert v. Blodgett, 393 F.3d 943, 979 (9th Cir. 2004); United States v. Signori, 844 F.2d 635, 638 (9th Cir. 1988); Hudson, 760 F.2d at 1030. Petitioner's claim is insufficient because he has failed to allege facts attacking the nature of the advice rendered by counsel with respect to his guilty plea. Petitioner shall be granted leave to amend to attempt to allege facts sufficient to show that the advice he received from counsel with respect to his guilty plea was not within the acceptable range of competence.

### 2. Unlawful Sentence Under *Cunningham*

Petitioner also alleges that his sentence is unconstitutional because the circumstances in aggravation were found by the judge and not presented to a jury to be proven beyond a reasonable doubt in violation of Cunningham v. California, 549 U.S. 270 (2007).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to a trial by jury. U.S. Const. amend. VI. This right to a jury trial has been made applicable to state criminal proceedings via the Fourteenth Amendment's Due Process Clause. Duncan v. Louisiana, 391 U.S. 145, 149-50 (1968). The Supreme Court's Sixth Amendment jurisprudence was significantly expanded by Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, which extended a defendant's right to trial by jury to the fact finding used to make enhanced sentencing determinations as well as the actual elements of the crime. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 488-90 ( 2000). The "statutory maximum" for Apprendi purposes is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant; that is, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather is the maximum he or she could impose without any additional findings. Blakely v. Washington, 542 U.S. 296, 303- 04

(2004). The Court reaffirmed this basic principle when it determined that the federal sentencing guidelines violated the Sixth Amendment because they imposed mandatory sentencing ranges based on factual findings made by the sentencing court. See United States v. Booker, 543 U.S. 220, 233-38 (2005). The sentencing guidelines were unconstitutional because they required the court to impose an enhanced sentence based on factual determinations not made by the jury beyond a reasonable doubt. Id. at 243- 245. In Cunningham, the Court held that California's determinate sentencing law ("DSL") violated the Sixth Amendment because it allowed the sentencing court to impose an elevated sentence based on aggravating facts that it found to exist by a preponderance of the evidence. 549 U.S. at 288-89.

In Teague v. Lane, the Supreme Court held that a federal court may not grant habeas corpus relief to a prisoner based on a constitutional rule of criminal procedure announced after his conviction and sentence became final unless the rule fits within one of two narrow exceptions. Teague v. Lane, 489 U.S. 288, 310-316 (1989). Petitioner had sixty days to file a direct appeal, see Cal. Rule of Court 8.308(a) (formerly Cal. Rule of Court 31), and another ninety days thereafter to seek a writ of certiorari from the United States Supreme Court, see Supreme Court Rule 13. According to the petition, petitioner did not seek a direct appeal or a petition for a writ of certiorari from the United States Supreme Court. (Pet. at 2.) Therefore, petitioner's conviction became final 120 days after he was sentenced on April 20, 1998, *i.e.*, in September 1998.

Neither Blakely or Cunningham were decided before petitioner's conviction became final in 1998. The Supreme Court has not made Blakely retroactive to cases on collateral review of convictions that became final before Blakely was decided. Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005). In Schardt, the petitioner's conviction became final on December 22, 2000, after Apprendi was decided on June 26, 2000, but before Blakely was announced on June 24, 2004. Id. at 1034. The Ninth Circuit found that although petitioner's sentence violated the Sixth

1  Amendment's right to a jury under <u>Blakely</u>, habeas relief was not available because
2  the <u>Blakely</u> decision announced a "new rule" that does not apply retroactively to
3  cases on collateral review. <u>Id.</u> (citing <u>Teague v. Lane</u>, 489 U.S. 288, 301 (1989)).
4  Similarly, petitioner's conviction became final in 2002, which is two years before
5  <u>Blakely</u> was decided.  Thus, as in <u>Schardt</u>, petitioner is not entitled to relief on this
6  claim because the rule in <u>Blakely</u> does not apply retroactively to this case.
7  <u>Cunningham</u>, which was essentially a California-specific application of <u>Blakely</u>,
8  also has not been made retroactive to cases on collateral review before <u>Blakely</u> was
9  decided.  <u>Cf.</u> <u>Butler v. Curry</u>, 528 F.3d 624, 633-35, 639 (9th Cir. 2008) (application
10 of <u>Cunningham</u> to petitioner whose conviction became final after <u>Blakely</u> was not
11 barred by <u>Teague</u>).

12 Here, petitioner's conviction became final before <u>Blakely</u> and <u>Cunningham</u>
13 were decided.  <u>Teague</u> prevents the retroactive application of those cases to
14 petitioner's claim.  Accordingly, the claim challenging his sentence under
15 <u>Cunningham</u> is DISMISSED with prejudice.

## CONCLUSION

For the foregoing reasons,

1.   The petition is DISMISSED with leave to amend to attempt to allege a claim of ineffective assistance by counsel as discussed above.  The claim attacking his sentence under <u>Cunningham</u> is DISMISSED with prejudice.

Petitioner must, within **thirty (30) days** of the date this order is filed, file an amended petition.  The amended petition must include the caption and civil case number used in this order, No. C 08-05231 JW (PR), and must include the words **AMENDED PETITION** on the first page.

**Failure to file a timely response in accordance with this order will result in the dismissal of this action without prejudice and without further notice to petitioner.**

1   The Clerk shall include two copies of the court's form petition with a copy of
2   this order to petitioner.

4   DATED: May 5, 2010

JAMES WARE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CLIFFORD EUGENE GIVENS,

        Petitioner,

  v.

D K SISTO, Warden,

        Respondent.

Case Number: CV08-05231 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  5/7/2010 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Clifford Eugene Givens P-09900
California State Prison - Solano
P. O. Box 4000
Vacaville, Ca 95696-4000

Dated:  5/7/2010

                Richard W. Wieking, Clerk
              /s/By: Elizabeth Garcia, Deputy Clerk