IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD EUGENE GIVENS, | No. C 08-05231 JW (PR) |
| Petitioner, | ORDER TO SHOW CAUSE; GRANTING MOTION TO CHANGE RESPONDENT; DENYING MOTION FOR RECONSIDERATION |
| vs. | |
| GARY SWARTOUT, Warden, | |
| Respondent. | |
| | (Docket Nos. 15 & 16) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction.[1]  The Court dismissed this action without prejudice for failure to exhaust state court remedies, and then granted petitioner's motion for reconsideration and reopened the matter on April 29, 2010, after petitioner showed that he had exhausted his state court remedies.  Petitioner filed an amended petition after the Court dismissed the original petition with leave to amend.

---

[1] The United States District Court for the Central District of California transferred this action to this Court as the preferable forum from because petitioner was convicted and sentenced in the Superior Court of San Mateo County.

Order to Show Cause
P:\PRO-SE\SJ.JW\HC.08\Givens05231_osc.wpd

## BACKGROUND

According to the petition, petitioner pleaded guilty in the Superior Court of the State of California in and for the County of San Mateo to assault with a deadly weapon and two prior convictions. (Pet. 2.) Petitioner was sentenced on August 17, 1998, to sixteen years in state prison. (Id.)

Petitioner filed habeas petitions in the state courts, with the state high court denying review on June 18, 2008. Petitioner initiated the instant federal habeas action on November 4, 2008, and an amended petition on May 24, 2010.

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Legal Claims

Petitioner claims that counsel rendered ineffective assistance when he failed to object to the sentencing court imposing an additional ten years to his sentence based on two prison priors. (Am. Pet. Attach. at 6 "A".) Petitioner claims that he was not advised of the potential impact that his prison priors would have on his sentence, and that but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. (Id. at 6 "D".) This claim is cognizable pursuant to § 2254.

Petitioner's motion to change respondent to Warden Gary Swarthout (Docket No. 15) is GRANTED.

Petitioner's motion of objection to the Court's order of partial dismissal is construed as a motion for reconsideration. (Docket No. 16.) The motion is DENIED as the Court is not persuaded that its dismissal of petitioner's claim challenging his sentence under Cunningham v. California, 549 U.S. 270 (2007), was incorrect under Teague v. Lane, 489 U.S. 288, 310-316 (1989).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the amended petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen (15) days** of receipt

any opposition.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

This order terminates Docket Nos. 15 and 16.

DATED: September 22, 2010

JAMES WARE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CLIFFORD EUGENE GIVENS,

        Petitioner,

  v.

GARY SWARTHOUT, Warden,

        Respondent.
                                                    /

Case Number: CV08-05231 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 9/22/2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Clifford Eugene Givens P-09900
2728 Winged Foot Way
Modesto, Ca 95355

Dated: 9/22/2010

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk