IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD EUGENE GIVENS,<br><br>    Petitioner,<br><br> vs.<br><br>GARY SWARTHOUT, Warden,<br><br>    Respondent. | No. C 08-05231 EJD (PR)<br><br>ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY<br><br><br><br>(Docket No. 20) |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Respondent has moved to dismiss the petition[1] as untimely. (Docket No. 20.) Petitioner filed opposition, and Respondent filed a reply. For the reasons discussed below, the Court grants Respondent's motion to dismiss.

## **BACKGROUND**

According to the petition, Petitioner pleaded guilty in the Superior Court of the State of California in and for the County of San Mateo to assault with a deadly weapon

---

[1] The amended petition, (Docket No. 14), is the operative petition in this case.

Order Granting Motion to Dismiss
P:\PRO-SE\SJ.EJD\HC.08\Givens05231_grant-mtd (untimely).wpd    1

and two prior convictions. (Am. Pet. at 2.) Petitioner was sentenced on August 17, 1998, to sixteen years in state prison. (Id.) Petitioner did not appeal his conviction. (Id. at 3.)

On April 19, 2000, Petitioner filed a petition for a writ of habeas corpus in the San Mateo County Superior Court, which denied the petition on April 28, 2000. (Resp't. Mot. to Dismiss, Exs. 1 & 2.)

On July 3, 2007, Petitioner filed a second petition for a writ of habeas corpus in the San Mateo County Superior Court, which denied the petition on July 24, 2007. (Id., Exs. 3 & 4.)

On September 18, 2007, Petitioner filed a habeas petition in the California Court of Appeal, which denied the petition on September 20, 2007. (Id., Ex. 5.)

On January 11, 2008, Petitioner filed a habeas petition in the California Supreme Court, which denied the petition on June 18, 2008. (Id., Exs. 6 & 7.)

Petitioner initiated the instant federal habeas action on November 4, 2008, and filed an amended petition on May 24, 2010.

## **DISCUSSION**

A.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during

which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2).  The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

If a petitioner could have sought review by the state court of appeals or the state supreme court but did not, the limitation period will begin running against him the day after the date on which the time to seek such review expired. See Cal. Rule of Court 8.308(a) (providing that appeal from criminal judgment must be filed within sixty days after rendition of judgment or making of order being appealed) (formerly Cal. Rule of Court 31); see also Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002) (limitation period began running day after time to seek discretionary review of California Court of Appeal's decision in the Supreme Court of California expired, which was forty days after the Court of Appeal filed its opinion) (citing Cal. Rules of Court 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a).

In Petitioner's case, judgment became final on October 16, 1998, which is sixty days after rendition of judgment on August 17, 1998.  See Cal. Rule of Court 8.308(a). The limitation period expired one year later on October 16, 1999.  The instant federal habeas action was not filed until November 4, 2008, over nine years later.  Unless the limitations period was tolled for a significant amount of time, the petition is untimely.

B.   Statutory Tolling

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

Respondent contends that Petitioner is not entitled to statutory tolling because by the time he filed his first petition in the state superior court on April 19, 2000, the statue of limitations had expired six months prior on October 16, 1999.  (Mot. at 3.)  A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitation

period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez, 276 F.3d at 482 (same). In opposition, Petitioner asserts that his state petitions were "properly filed" under Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) and Gaston v. Palmer, 417 F.3d 1030 (9th Cir. 2005). (Oppo. at 3-4.) However, the issue here is not whether Petitioner's state petitions were "properly filed application[s]" but whether he filed them in a timely manner to warrant statutory tolling under AEDPA. He did not. Petitioner also argues that under California law, this Court is not procedurally barred from reviewing his federal petition. (Id. at 5.) However, this argument is irrelevant as Respondent is not moving for dismissal on the basis of procedural default, *i.e.*, because his state petitions were dismissed as untimely, but strictly on the grounds that the instant federal petition is untimely under AEDPA.

By the time Petitioner filed petitions in the state courts, the limitations period had already expired on October 16, 1999. Section 2244(d)(2) cannot "revive" the limitation period once it has run (*i.e.*, restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations." Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998). Accordingly, Petitioner is not entitled to statutory tolling. The instant federal petition is untimely.

C.   Equitable Tolling

Petitioner claims that extraordinary circumstances excuse his delay. (Oppo. at 9.) Petitioner claims that it was a fellow inmate who discovered Petitioner's claim of ineffective assistance of counsel, and who researched and presented them on his behalf. (Id.) He asserts, therefore, that he his entitled to tolling from the date his trial counsel waived his claim until the date his fellow inmate discovered the claim. (Id.)

The Supreme Court has determined that § 2244(d), AEDPA's statute of limitations, is subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way' and prevented timely filing." Holland, 130 S. Ct. at 2562 (quoting Pace, 544 U.S. at 418); accord Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). The diligence required to establish entitlement to equitable tolling is "reasonable diligence." Holland, 130 S. Ct. at 2565 (finding district court's finding of lack of diligence incorrect and remanding for detailed examination of facts to "determine whether they indeed constitute extraordinary circumstances sufficient to warrant equitable relief").

The Ninth Circuit has held that the petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). The prisoner also must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks and citations omitted). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. Gaston, 417 F.3d at 1034-35 (holding that where prisoner fails to show causal connection between self-representation on direct appeal or physical and mental disabilities and inability to timely file petition, district court's finding that he was not entitled to equitable tolling where he had earlier filed a state habeas petition was not clear error). He must, furthermore, show that his untimeliness was caused by an external impediment and not by his own lack of diligence. Bryant v. Arizona Attorney General, 499 F.3d 1056, 1061 (9th Cir. 2007) (no equitable tolling where petitioner was not diligent in that he failed to seek any state court relief for six years, or to take advantage of available paralegal assistance).

Respondent asserts that Petitioner fails to demonstrate that he acted diligently to preserve his rights from the date he was sentenced on August 17, 1998, until he filed the

instant petition on November 4, 2008. (Reply at 3.) Respondent also argues that Petitioner is not entitled to tolling for any period of time before Petitioner's claim was discovered by a fellow inmate. (Id. at 4.) Respondent contends that Petitioner knew of the factual basis of his claim at the time his conviction became final. Under § 2244(d)(1)(D), the one-year limitation period starts on the date on which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The time begins "'when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (quoting Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)).

Petitioner has failed to meet his burden of showing that equitable tolling should apply to him. Castro, 292 F.3d at 1065. Petitioner has presented insufficient facts to indicate that "extraordinary circumstances" were the either the cause of his untimeliness or made it impossible to file a petition on time. Ramirez, 571 F.3d at 997. The fact that a fellow inmate discovered Petitioner's claims tends to show that it was discoverable through diligence at an earlier time had Petitioner been more diligent in seeking assistance. The Courts finds that Petitioner's own lack of diligence caused him to file an untimely petition and no external impediment. Bryant, 499 F.3d at 1061. Accordingly, Petitioner is not entitled to equitable tolling. The federal petition filed on November 4, 2008 is untimely.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition as untimely, (Docket No. 20), is GRANTED. The instant petition for a writ of habeas corpus is DISMISSED.

No certificate of appealability is warranted in this case. See Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has not shown

1  "that jurists of reason would find it debatable whether the petition states a valid claim of
2  the denial of a constitutional right and that jurists of reason would find it debatable
3  whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529
4  U.S. 473, 484 (2000).
5      This order terminates Docket No. 20.

7  DATED: June 13, 2011
                                           EDWARD J. DAVILA
8                                          United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD EUGENE GIVENS,<br><br>            Petitioner,<br><br>    v.<br><br>GARY SWARTHOUT, Warden,<br><br>            Respondent.                        / | Case Number: CV08-05231 EJD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  6/14/2011 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Clifford Eugene Givens P-09900
P. O. Box 51900
Palo Alto, Ca 94303

Dated:   6/14/2011

Richard W. Wieking, Clerk
/s/  By: Elizabeth Garcia, Deputy Clerk